UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARGARET GENTILE & ROBERT GENTILE )<br>   Plaintiffs, )<br>)<br>)<br>)<br>)<br>v. )<br>)<br>NATIONWIDE CREDIT, INC. )<br>   Defendant )<br>) | CIVIL ACTION<br><br><br><br><br><br><br><br>APRIL 12, 2011 |

## COMPLAINT

1. This is a suit brought by two consumers who have been harassed by the defendant collection agency. This action is for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and includes a pendent claim brought under State law for violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.*

2. Plaintiff Margaret Gentile is a natural person residing in East Windsor, Connecticut and is a consumer as defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692a(3).

3. Plaintiff Robert Gentile is a natural person residing in East Windsor, Connecticut and is a consumer as defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692a(3).

4. The Defendant, Nationwide Credit, Inc. ("Nationwide"), is a Georgia Corporation and is licensed by the Connecticut Department of Banking as a Consumer Collection Agency and is a debt collector as defined by FDCPA § 1692a(6).

5. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1367.

6. This Court has jurisdiction over Nationwide because it engages in debt collection within Connecticut.

7. Venue in this Court is proper, because the Plaintiffs are residents and the acts complained of occurred in this state.

8. Plaintiffs owed a consumer debt to Chase Bank USA, N.A. (the "Debt").

9. On or around the end of September 2010, Plaintiff Margaret Gentile contacted and informed Chase Bank USA, N.A. ("Chase") that she was filing for bankruptcy and that the Debt was going to be included in her bankruptcy filing, and she provided Chase with her bankruptcy attorney's contact information and requested that Chase direct all future communications not to Plaintiff but to her bankruptcy attorney.

10. Notwithstanding having been informed of Plaintiffs' bankruptcy and with contact information for their bankruptcy attorney, Chase subsequently assigned the Debt to Nationwide for collection purposes, and Nationwide began contacting Plaintiffs in an attempt to collect the Debt.

11. On or around October 8, 2010, a Nationwide representative referring to himself as Michael Salano called and spoke with Plaintiff Margaret Gentile in an attempt to collect the Debt, and during that conversation, Michael Salano confirmed with her Plaintiffs' bankruptcy attorney's contact information, at which point he proceeded to

2

attempt to collect the Debt from Plaintiffs by making a settlement offer to Plaintiff Margaret Gentile and telling her that she should convey that settlement offer information to her attorney.

12. Nationwide violated the FDCPA and CUTPA by its collection activities described above.

WHEREFORE, the Plaintiffs seek recovery of actual damages pursuant to 15 U.S.C. § 1692k; statutory damages pursuant to 15 U.S.C. § 1692k; attorney's fees and costs pursuant to 15 U.S.C. § 1692k; actual damages, punitive damages, and attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g; and such other relief as this Court deems appropriate.

**PLAINTIFFS, MARGARET GENTILE & ROBERT GENTILE**

By: _____
Daniel S. Blinn, Fed Bar No. ct02188
Matthew W. Graeber, Fed Bar No. ct27545
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd., Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408; Fax (860) 571-7457